| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Missouri Lamb Company, Inc. | DEFENDANTS<br>Eric Pinkston |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Casey J. Welch<br>Wasinger Parham, L.C.<br>2801 St. Mary's Avenue, Hannibal, Missouri 63401 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Suit to determine non-dischargeability of debt for sale of collateral securing note and loss of cattle in bailment.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ Undetermined |

Other Relief Sought

## Judgment for Plaintiff's damages

(L.F. 18 Rev. 06/08)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Eric Pinkston | BANKRUPTCY CASE NO.<br>24-20041 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Missouri | DIVISION OFFICE<br>Northern | | NAME OF JUDGE<br>Kathy A. Surratt-States |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

(L.F. 18 Rev. 06/08)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Bankruptcy |
| Eric Pinkston, | ) Case No.: 24-20041 |
| Debtor. | ) |
| | ) Chapter 7 |
| | ) |
| Missouri Lamb Company, Inc. | ) Adversary No._____ |
| Plaintiff, | ) |
| | ) |
| Eric Pinkston, | ) |
| Defendant. | ) |

## ADVERSARY PROCEEDING COMPLAINT

Allegations common to all counts.

**COMES NOW** The Plaintiff and for its complaint in the above caption Adversary

Proceedings states as follow:

1.      Plaintiff is an Illinois Corporation organized in said state and in good standing in the state

of Missouri.

2.      Debtor is an individual residing in Missouri and did file a chapter 7 Bankruptcy on March

26, 2024.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 157 (b)(2)(1)

and Section 1334 and 11 U.S.C. Section 523 (a)(4) and (a)(6).

4.      Venue is proper in this Court pursuant to 28 U.S.C. Section 1409.

5       The Debtors did list in their Bankruptcy schedules as a creditor Missouri Lamb

Company.

## COUNT I- NONDISCHARGEABILITY CLAIM PURSUANT TO
## 11 U.S.C. SECTION 523 (a)(6)

1

6.      Debtor did execute a promissory note dated December 30, 2019 in the amount of $120,000.00. The document is identified on the Exhibit Summary attached hereto.

7.      In the promissory note the Debtor pledged as collateral, certain items of equipment and granted to the Plaintiff a lien on that collateral to secure the payments on the note. The collateral is also identified in the bill of sale which is listed on the Exhibit Summary.

8.      That the Debtor was aware of the Plaintiffs security interest and the lien on the collateral.

9.      That the Debtor sold and/or traded collateral on which the Plaintiff had a lien and did not use the proceeds to pay the indebtedness on the promissory note.

10.      That the debtor did not have the Plaintiffs consent to utilize the proceeds from the sale of the collateral for other purposes.

11.      That the Defendant knew or should have known that the Plaintiff would suffer injury as a result of not applying the proceeds from the sale of the collateral to the indebtedness with the Plaintiff.

12.      That the afore mentioned promissory note remains unpaid. As of January 26, 2022 the amount owed was $97,459.52 (including interest) and interest has continued to accrue at the contract rate since said date.

13.      That the conduct of the Debtor in selling the collateral and not providing the proceeds to the Plaintiff constitutes a willful and malicious injury by the Debtor to the Plaintiff.

14.      That the promissory note provides that the Plaintiff be allowed to collect its reasonable attorney's fees as a result of a default in the promissory note.

**WHEREFORE,** The Plaintiff requests the Court enter an order determining the amount of the Debtors indebtedness owed to the Plaintiff; the amount of the proceeds of the sale of collateral not applied to the indebtedness and for the Court to determine a sum certain to be

2

declared non-dischargeable; for a Judgment for said amount against Debtor; and for the Plaintiffs

reasonable attorney's fees for prosecuting this action pursuant to the terms of the note; for the

cost of this action for such other and further relief as the Court may deem meet and just in the

premises.

## COUNT II- NONDISCHARGEABILITY CLAIM PURSUANT TO 11 U.S.C. SECTION 523 (a)(4) AND/OR 11 U.S.C. SECTION 523 (a)(6)

15.     The Plaintiff owned cattle which was maintained on property in Missouri owned by

Bachrach Land Company, LLC which was leased to the Debtor.

16.     That the Plaintiffs cattle were being pastured on the premises leased to the Debtor.

17.     That Plaintiff and Defendant agreed that the Defendant would maintain the Plaintiffs

cattle for consideration but not limited to the right to own any "new" calves born from Plaintiffs

cows. The Plaintiff contends this constitutes a bailment.

18.     That it is believed and therefore alleged that Plaintiff had 80 cows entrusted to the Debtor

to be maintained on the property leased to the Debtor.

19.     That the parties attempted to negotiate a sale of Plaintiffs cattle to the Defendant but no

sale was agreed to.

20.     That subsequent thereto Plaintiff caused all the cattle on the premises to be rounded up,

removed from Defendants possession and promptly sold at auction.

21.     That when Plaintiff rounded up said cattle there were only 35 cows.

22.     That it is believed and therefore alleged that Defendant converted the 45 head of missing

cattle or sold the 45 head of missing cattle in various sales without remitting the money to the

Plaintiff thus damaging the Plaintiff.

3

23.    It is believed that the Debtors sale of Plaintiffs cattle or disposition of Plaintiffs cattle constitutes embezzlement or larceny under Section 11 U.S.C. 523 (a)(4).

24.    It is believed and therefore alleged that the Defendant knew that the sale of Plaintiffs cattle without remitting the proceeds to the Plaintiff would cause injury to the Plaintiff.

25.    It is believed and therefore alleged that Debtors conduct constitutes a willful and malicious injury caused to the Plaintiff in violation of 11 U.S.C. Section 523 (a)(6).

26.    At no time did Plaintiff give Defendant authority to sell Plaintiffs cattle or remove the cattle from the premises where they were maintained.

WHEREFORE, The Plaintiff requests that the Court enter an order determining the amount of the Plaintiff's loss for the sale or disposition of the cattle entrusted to the Debtor, for a Judgment against the Debtor in the aforementioned amount, for the Plaintiff's reasonable attorneys fees and the cost of this action for such other and further relief as the Court may deem meet and just in the premises.

Respectfully submitted,

By_____
   CASEY J. WELCH, #37262MO
   WASINGER PARHAM, L.C.
   P.O. Box 962
   Hannibal, Missouri  63401
   (573)  221-3225
   fax: (573)  221-1991
   cjwelch@wasingerlaw.com
   ATTORNEY FOR PLAINTIFF

4